Brian Steven **PREJEAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–97–00223–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 26, 2000.

Dissenting Opinion of Justice Ross A. Sears, Nov. 16, 2000.

Don D. Becker, Houston, for appellants.

S. Elaine Roch, Houston, for appellees.

Panel consists of Justices SEARS, CANNON and HUTSON–DUNN.[*]

## MAJORITY OPINION

BILL CANNON, Justice (Assigned).

Appellant, Brian Steven Prejean, was found guilty of aggravated assault and sentenced to ten years' confinement in the Texas Department of Criminal Justice, Institutional Division. He presents one point of error on appeal, complaining of ineffective assistance of counsel during the guilt-innocence phase. We affirm.

Appellant's complaint concerns his counsel's failure to object to statements made by the trial court during guilt-innocence jury deliberations, and discussion of the underlying facts of the offense is not necessary. Suffice it to say, appellant was accused of pointing a gun at the complainant and threatening to shoot him over an incident regarding rottweiler dogs.

Immediately before and shortly after the jury retired to deliberate during the guilt-innocence phase of trial, the jury foreman and the trial judge exchanged written and in-court oral communications, the effect of which informed the jury that it was being sequestered overnight as appellant opposed separation of the jury. The jury reconvened at 9:00 a.m. the next morning and returned a verdict of guilty less than thirty minutes later. On appeal, appellant raises ineffective assistance of counsel based on his attorney's failure to object to the court informing the jury that it was being sequestered at appellant's request. This, argues appellant, was prejudicial and denied him a fair trial. Appel-

[*] Senior Justices Ross A. Sears, Bill Cannon, and D. Camille Hutson–Dunn sitting by assignment.

lant correctly states that under Tex.Code Crim.Proc.Ann. Art. 35.23, "Any person who makes known to the jury which party made the motion not to allow separation of the jury shall be punished for contempt of court." Although the trial court's comments may have been improper under this provision, we must determine whether trial counsel's failure to object constituted ineffective assistance of counsel requiring reversal of the conviction.

■■■ To determine if an appellant has received ineffective assistance of counsel in the guilt/innocence phase of his trial, we apply the two-pronged test set out by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). Under this test, an appellant must show (1) that his trial counsel's performance was so deficient that counsel made such serious errors that he was not functioning effectively as counsel; and (2) that the deficient performance prejudiced the defense to such a degree that appellant was deprived of a fair trial. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. We entertain a strong presumption that the trial attorney rendered adequate assistance and exercised reasonable professional judgment. *Id.* at 689, 104 S.Ct. at 2065. An appellant will succeed in a claim of ineffective assistance of counsel when he or she can demonstrate a "reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* Rather than point out isolated attorney errors, a reviewing court must consider the totality of the representation to determine if counsel was ineffective. *King v. State,* 649 S.W.2d 42, 44 (Tex.Crim.App. 1983). As recently emphasized by the Texas Court of Criminal Appeals, it is essential that harm or prejudice caused by trial counsel's conduct or omission be firmly grounded in the record; harm or prejudice cannot be presumed under circumstances such as those raised here. *Mitchell v. State,* 989 S.W.2d 747, 748 (Tex.Crim.App.1999).

■ Under the limited circumstances of this case, and given the overwhelming evidence of appellant's guilt, we do not believe that this omission, isolated in a record of generally competent representation, amounts to ineffective assistance of counsel. The error meets neither prong of the *Strickland* test: it neither demonstrates errors so egregious that they amounted to ineffective representation nor supports a reasonable probability that, but for this error, a different outcome might have been achieved. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Nothing in the record substantiates appellant's argument that the jury was prejudiced against him because of the sequestration. No evidence of harm was produced through a motion for new trial by witnesses or affidavits of any juror regarding harm or prejudice due to the court's comments. We are not required to rely on appellant's unsupported, subjective allegations of harm, nor is harm shown by the trial court's complained-of conduct itself. *See Mitchell v. State,* 989 S.W.2d at 748–49. There was sufficient relevant, competent evidence to support the jury's finding. *See Ybarra v. State,* 890 S.W.2d 98, 113–14 (Tex.App.—San Antonio 1994, pet. ref'd).

Moreover, the record is silent as to whether the failure to object was trial strategy on the part of appellant's trial counsel; counsel may have reasonably wanted to keep that particular jury for the punishment phase, or may not have wanted to risk a new trial. In absence of any evidence to the contrary we must indulge a strong presumption that trial counsel's conduct falls within the presumption that the challenged conduct can be considered sound trial strategy. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). Appellant's point of error is overruled.

Appellant has failed to meet his burden of proving ineffectiveness of trial counsel, and the judgment is affirmed.

Justice SEARS'S dissenting opinion to follow.

ROSS A. SEARS, Justice (Assigned), dissenting.

The single issue raised by Appellant on appeal is: "Defendant did not receive effective assistance of counsel." Since there was no motion for a new trial and no subsequent hearing on the motion to determine trial strategy, the majority overruled the point of error and affirmed the trial court.

That single issue is based on the failure of the defense attorney to object when the trial court told the jury they had to be sequestered because the **defendant demanded it.** The majority opinion deals only with the form, rather than the substance, of this appeal. However, if we look at the egregious action of the trial court that gave rise to the claim of "ineffective assistance of counsel," we come to the inescapable conclusion that the trial judge deprived this Appellant of a fair trial. The trial judge intentionally ignored Article 35.23 of the Texas Code of Criminal Procedure and told the jury they could not go home to their families because the defendant demanded they be sequestered. The action of the trial judge was calculated to prejudice the jurors against the defendant.

"Any person who makes known to the jury which party made the motion not to allow separation of the jury shall be punished for contempt of court." TEX.CODE CRIM. PROC. ANN. Art. 35.23; see, e.g., Hood v. State, 828 S.W.2d 87, 93 (Tex.App.— Austin, 1992, no pet.) (holding article 35.23's severance provisions to be mandatory). In this case, the trial judge told the jury, not once but twice, that the defendant was to blame for separating them from their families for the night.

At 3:34 p.m., February 18, 1997, the jury retired to deliberate. The defendant made a motion that the jury not be separated. Later, the court called the jury into the courtroom and the following exchange occurred between the court and the jury:

THE COURT: All right. Ladies and gentleman, it's 6 o'clock in the evening. Ordinarily what I would do is send you home and have you come back and deliberate tomorrow morning at 9 o' clock, but the defense wants you to—well, first let me ask you: Is there any reasonable expectation of you reaching a verdict in the near future? Who is your foreman?

FOREMAN: I am.

THE COURT: Any reasonable expectation of a verdict in the near future?

FOREMAN: I don't believe.

THE COURT: All right. The defense will not let you—allow you to separate in this case. The only alternative to you is I must sequester you for the night. You will be taken to a hotel. You are under the same admonishments. You are not to discuss the case . . . .

Indicating a desire to communicate with the court, the jury went back into the jury deliberation room and sent the following note to the judge: "We have some personal situations that would make overnight stays a major predicament. No supervision of children." The judge wrote the following answer on the jury note and returned it to the jury: "I am sorry—but I cannot legally allow you to separate without permission of the state, the defendant and the defendant's lawyer. The latter two have refused to allow separation. I am thus prevented by law to allow you to go home and return."

This appeal presents a clear abuse of constitutional rights and fundamental fairness by the trial judge, who was supposed to be in charge of protecting those very sacred rights. However, this glaring error has not been addressed by the majority opinion simply because it was brought to the courts' attention in an issue entitled "Appellant did not receive effective assistance of counsel at trial." I believe the majority has placed form over substance and has failed to deal with the real error that occurred in the trial court.

Unassigned error may be addressed and utilized to reverse a conviction when the interests of justice require it. *See State v. Shepard,* 920 S.W.2d 420, 422 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd). The Court of Criminal Appeals permits the use of unassigned error to address errors that are apparent on the face of the record. *See Carter v. State,* 656 S.W.2d 468, 469 (Tex.Crim.App.1983) (en banc). A constitutional grant of appellate jurisdiction treats a right of appeal in criminal cases "as a remedy to revise the whole case upon the law and facts, as exhibited in the record." *Id.* at 468.

The state has alleged that Appellant has a duty to show harm, and he failed to do so. Therefore, the state argues, he has failed to satisfy the requirements of *Strickland.* However, even where testimony from Appellant's trial attorney would be helpful in determining whether the failure to object was the product of "trial strategy," such evidence in this case is not necessarily a prerequisite to an analysis of whether the error complained of met an "objective standard of reasonableness." *See Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

I fully recognize that the Court of Criminal Appeals has recently reversed this court's finding ineffective assistance of counsel where the attorney did not testify as to "trial strategy." *See Thompson v. State,* 981 S.W.2d 319, 324 (Tex.App.— Houston [14th Dist.] 1998) *rev'd* 9 S.W.3d 808 (Tex.Crim.App.1999). However, *Thompson* did not involve a violation of a constitutional right, and it did not destroy the reasonable expectation of "fairness and impartiality" by the trial judge. Some constitutional violations, *"by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless."* *Satterwhite v. Texas,* 486 U.S. 249, 253, 108 S.Ct. 1792, 1794, 100 L.Ed.2d 284, 293 (1988) (emphasis added).

I sincerely believe it is the duty of the courts of appeals to vigorously defend the rights of all persons to **a fair trial by an unbiased jury and an impartial judge**. When we fail to protect those sacred rights, we make this appellant's constitutional guarantee of a fair trial, by an unbiased jury, a hollow promise. I further believe affirming this conviction undermines the right to fundamental fairness in our fact-finding process. *See Estelle v. Williams,* 425 U.S. 501, 503, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976).

If this appeal was based on abuse of discretion, or violation by the trial judge of Article 35.23, Texas Code of Criminal Procedure, there is no doubt that any appellate court in this state would reverse the conviction. Should the results be different because the attorney on appeal "mis-labeled" the point of error?

I would reverse the conviction and remand for a new trial. No doubt Appellant will get a fair trial this time because the judge who blatantly ignored Article 35.23, Texas Code of Criminal Procedure, is no longer on the bench.