Affirmed and Memorandum Opinion filed May 12, 2005









Affirmed and Memorandum Opinion filed May 12, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00645-CR

____________

 

BOGDAN STEFAN
IONESCU, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 208th District
Court 

Harris County, Texas

Trial Court Cause No.
953,568

 



 

M E M O R A N D U M   O
P I N I O N

After a bench trial, appellant was convicted of indecency
with a child.  On June 11, 2004, the
trial court sentenced appellant to confinement for five years in the
Institutional Division of the Texas Department of Criminal Justice.  Appellant filed a written notice of appeal.  








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record. 
Appellant filed a pro se response in which he argues that the indictment
was defective, the evidence was factually insufficient, and he received
ineffective assistance of trial and appellate counsel.

First, appellant does not specify why he believes the
indictment was defective.  The
indictment, for indecency with a child, adequately tracks the appropriate
language of section 21.11(a)(2) of the penal code.  See Gemoets v. State, 116 S.W.3d 59,
72 (Tex. App.CHouston [14th Dist.] 2001, no pet.). 

Second, appellant complains that the evidence to support his
conviction is factually insufficient, arguing specifically that there was no
evidence of a culpable mental state and that two witnesses= testimony was inconsistent.  However, the record shows factually
sufficient evidence to support each element of the indictment: that the
complainant was three months old and not appellant=s spouse; that most of appellant=s erect penis was visible outside his
pants as he stooped before the baby; that appellant had one hand inside his
pants and one hand on the baby=s shoulder; and that the incident occurred in Harris
County.  Although appellant testified
that he was not aroused and accidently revealed part of his penis, the judge,
as fact finder, could choose to believe or disbelieve any portion of the
witnesses= testimony.  See Herrero v. State, 124 S.W.3d 827,
834 (Tex. App.CHouston [14th Dist.] 2003, no
pet.).  Similarly, although two other
witnesses= testimony may have conflicted in some
aspects, reconciliation of conflicts in the evidence is within the exclusive
province of the fact finder.  See
Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).  We will not reverse a conviction merely
because the fact finder resolved a conflict in evidence against appellant.  See Herrero, 124 S.W.3d at 834.  We hold there is factually sufficient
evidence to support the conviction.








Third, appellant argues that his trial and appellate
attorneys provided ineffective assistance of counsel.  In the Anders brief, appellate counsel
ably argued that certain actions by trial counsel were questionable, such as
failing to seek probation; failing to address appellant=s limitations from a serious head
injury; and confusing the elements of indecency with a child.  Appellant further argues that trial counsel
failed to file more pre-trial motions; permitted appellant to waive trial by
jury; permitted hearsay testimony (to which counsel actually did object);
failed to object to leading questions; and failed to clarify conflicting
testimony.  However, it is essential that
harm or prejudice caused by trial counsel's conduct or omission be firmly
grounded in the record.  Prejean v.
State, 32 S.W.3d 409, 411 (Tex. App.CHouston [14th Dist.] 2000, pet.  ). 
Appellate counsel correctly pointed out that on the record before this
court, this court must assume that trial counsel had a plausible reason for his
actions.  See Safari v. State, 961
S.W.2d 437, 445 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d). 
Appellant argues that his appellate counsel was ineffective because (1)
he evinced Aoverall apathy@ and (2) appellant believes him to be
in collusion with trial counsel.  These
allegations are not grounded in the record; there is no proof that appellate
counsel provided ineffective assistance.

Finally, through most of his pro se argument, appellant
focuses on the trial court=s belief that appellant was ineligible for probation as the
court orally assessed punishment. 
However, the record reflects that the trial court subsequently clarified
that the offense did not preclude probation. 
Nonetheless, the trial court did not change the sentence assessed.  Appellant does not offer any authority that
the trial court=s actions are reversible error.

We agree the appeal is wholly frivolous and without
merit.  Further, we find no reversible
error in the record.  A further
discussion of the brief would add nothing to the jurisprudence of the State.

Accordingly, the judgment of the trial court is affirmed.

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed May 12, 2005.

Panel consists of Justices
Edelman, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).