William MITCHELL, Appellant,

v.

The STATE of Texas

No. 849–98.

Court of Criminal Appeals of Texas,
En Banc.

March 17, 1999.

Michael S. Raign, San Antonio, for appellant.

Betty Marshall, Assist. State's Attorney, Austin, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Presiding Judge.

This is another federal constitutional ineffective assistance of counsel case. A jury convicted appellant of aggravated robbery and sentenced him to 80 years' confinement.

Appellant was charged with using a firearm during a robbery at a convenience store. The victim of the robbery identified appellant from a photo spread the day after the robbery. She identified him at trial. She also testified that during the robbery appellant raised his shirt which revealed a gun tucked into the waistband of his pants. The prosecution introduced into evidence a videotape from the convenience store clearly showing appellant committing the robbery and raising his shirt.

The record also reflects appellant was in custody in the county jail prior to trial. During the trial court's "opening remarks" to the venire, appellant was in court wearing the clothes he wore when he was arrested the day after the robbery because these were the only nonjail clothes the "jail people" had for appellant to wear. The police photographed appellant wearing these clothes on the day of his arrest. These clothes were admitted into evidence.

These also were the same clothes appellant wore during the robbery. The videotape of the robbery shows appellant wearing these clothes including a blue t-shirt with a distinctive logo on the front. The arresting officer described the t-shirt appellant wore at the time of his arrest. The victim also described the clothes including the t-shirt appellant

wore during the robbery. No express mention was made during trial or during closing arguments that appellant briefly had appeared in court wearing the same clothes he wore during the robbery.

Just before closing arguments ar guilt/innocence the trial court denied appellant's motion for a mistrial based on the clothes incident.

"[DEFENSE COUNSEL]: Something has been brought to my attention. I didn't realize until just now that during voir dire [appellant] was actually wearing those clothes there. He was told by the jail people to put them on and he was brought over here in those clothes. During the entire voir dire he was wearing the exact outfit he is alleged to have been wearing during the commission of the offense. I move for a mistrial because the jurors saw him, they were tainted by seeing him in that outfit.

"[COURT]: That is denied. Anything else?

"[PROSECUTION]: For the record, he only had those clothes on during the judge's opening remarks, not during the entire voir dire.

"[COURT]: t doesn't matter, anyway. That is the only clothes he had. We can't bring him over in a jail outfit. Those are his clothes."

In a 2–1 decision the Court of Appeals reversed appellant's conviction based on a federal constitutional ineffective assistance of counsel claim. *Mitchell v. State,* 974 S.W.2d 161 (Tex.App.—San Antonio 1998). The Court of Appeals decided "trial counsel's failure to prevent [appellant] from appearing before the jury panel in the clothes worn by the perpetrator in the videotape which recorded the crime permeated the entire proceeding and rendered counsel's assistance ineffective." *Mitchell,* 974 S.W.2d at 167. Analogizing this case to cases where the government compels a defendant to stand trial in jail clothes, the Court of Appeals presumed prejudice from what it considered to be counsel's deficient performance without determining whether appellant affirmatively proved prejudice. *Id.* We granted the State

Prosecuting Attorney's discretionary review petition to review this decision.

■ The general federal constitutional rule is that a defendant claiming ineffective assistance of counsel must affirmatively prove prejudice from counsel's deficient performance. See *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2066–68, 80 L.Ed.2d 674 (1984) (two components to most ineffective assistance of counsel claims are deficient attorney performance and prejudice). The primary reason for requiring a defendant to prove prejudice is that most ineffective assistance of counsel cases do not involve any oppressive "state action." See *Strickland,* 104 S.Ct. at 2067 ("ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmataively prove prejudice" because the "government is not responsible for, and hence not able to prevent, attorney errors that will result in reversal of a conviction or sentence").

■ The only exceptions to this general rule are "actual or constructive denial of the assistance of counsel altogether," various kinds of "state interference" with counsel's assistance, and when counsel "is burdened by an actual conflict of interest" which adversely affects counsel's performance. See *Strickland,* 104 S.Ct. at 2067; *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984). In these circumstances no affirmative proof of prejudice is required because prejudice is irrefutably presumed. See *Strickland,* 104 S.Ct. at 2067; *Cronic,* 104 S.Ct. at 2047.

■ Since any deficient attorney performance in this case does not fall within any of these exceptions, the Court of Appeals erred to presume prejudice. Its analogy to states action compelling a defendant to stand trial in jail clothes fails because there was no state action in this case compelling appellant to stand trial in jail clothes. See generally *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1975); *Ephraim v. State,* 471 S.W.2d 798 (Tex.Cr.App.1971). On the contrary any state action in this case was directed toward preventing appellant from standing trial in jail clothes. Moreover,

*Estelle* suggests it may sometimes be sound defense strategy for a defendant to stand trial in jail clothes which is why *Estelle* decided a defendant must object to being tried in jail clothes before he may later complain about it. See *Estelle,* 96 S.Ct. at 1695 (it is not an uncommon defense tactic to produce the defendant in jail clothes in hope of eliciting sympathy from the jury).

We, therefore, vacate the judgment of the Court of Appeals and remand this cause for further proceedings not inconsistent with this opinion.