In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-428 CR


____________________



DAVID FREDDY RUBIO, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 06-09-09204-CR






 MEMORANDUM OPINION


 David Freddy Rubio pled guilty to the second-degree felony offense of indecency with
a child by sexual contact. See Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). The child
was four years old at the time of the offense. The jury assessed punishment at twenty years
in prison. Rubio appeals and raises one issue in which he contends he received ineffective
assistance of counsel.


Standard of Review


 To prove ineffective assistance of counsel, an "appellant must establish both that his
trial counsel performed deficiently and that the deficiency operated to prejudice him." State
v. Morales, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) (citing Strickland v. Washington,
466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In evaluating whether trial
counsel performed deficiently, "reviewing courts must not second-guess legitimate strategic
or tactical decisions made by trial counsel in the midst of trial, but instead 'must indulge a
strong presumption that counsel's conduct falls within the wide range of reasonable
professional assistance[.]'" Id. (quoting Strickland, 466 U.S. at 689). To satisfy the second
prong of Strickland, an appellant must show that trial counsel's deficient performance
prejudiced appellant's defense. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 
To do so, the appellant must show there is a reasonable probability that the result of the
proceeding would have been different but for trial counsel's deficient performance. Id.
(citing Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)). Showing that
counsel's alleged errors conceivably affected the proceeding's outcome is not enough. Ex
parte Varelas, 45 S.W.3d 627, 629 (Tex. Crim. App. 2001). The appellant must show the
existence of evidence that probably would have led to a "not guilty verdict or a lesser
punishment." Bone, 77 S.W.3d at 837; see Ladd v. State, 3 S.W.3d 547, 570 (Tex. Crim.
App. 1999) (finding that relief is precluded when appellant makes no effort to prove the
prejudice prong of Strickland); Mitchell v. State, 989 S.W.2d 747, 748 (Tex. Crim. App.
1999) (finding that "a defendant claiming ineffective assistance of counsel must affirmatively
prove prejudice"). 

Analysis 


 Rubio claims that his counsel repeatedly distanced himself from Rubio and thereby
virtually abandoned him. Rubio also claims that trial counsel introduced prejudicial evidence
by eliciting testimony about Rubio's prior sentence for failure to stop and give information. 
However, Rubio does not assert that his attorney failed to introduce evidence that likely
would have led to the jury's giving him a lesser sentence. See Bone, 77 S.W.3d at 837; Ladd,
3 S.W.3d at 570; Mitchell, 989 S.W.2d at 748. 

 The State first argues that Rubio failed to show that, but for trial counsel's alleged
errors, he would have received a lesser punishment. We agree. Here, Rubio pled guilty, and
the only issue before the jury was punishment. Rubio's own testimony supports the
punishment assessed by the jury. When asked on direct examination what punishment he
should receive, Rubio replied: "If I were in the mother's place, more than 20 years. What
I did doesn't have any pardon." The jury sentenced Rubio to twenty years. In light of his
own testimony and in the absence of evidence favorable to him, we cannot say that Rubio
probably would have received a lighter sentence but for his attorney's allegedly deficient
performance. 

 We find that Rubio has failed to affirmatively demonstrate prejudice, and we overrule
his sole appellate issue. The trial court's judgment is affirmed. 

 AFFIRMED.

 ______________________________

 HOLLIS HORTON

 Justice

 

Submitted on July 28, 2008

Opinion Delivered October 15, 2008

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.