NO. 07-08-0475-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 1, 2009
______________________________

JOSEPH G. NUNEZ, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 
 
                                                                                                 Appellee
_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,790; HON. JIM BOB DARNELL, PRESIDING
_______________________________

Abatement and Remand
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Pending before the court is Joseph G. Nunez’ motion to abate and remand the
appeal so that the trial court can enter findings pursuant to article 38.22 of the Texas Code
of Criminal Procedure. We grant the motion.
           When a trial court fails to make findings of fact and conclusions of law in compliance
with art. 38.22, §6 of the Texas Code of Criminal Procedure, we must abate the appeal and
remand the cause to permit it to comply with the statute. See Tex. Code Crim. Proc. Ann.
art. 38.22, §6 (Vernon 2005). And, because the trial court at bar overruled appellant’s
complaints about the voluntariness of his statement, the requirements of art. 38.22, §6 of
the Texas Code of Criminal Procedure were triggered here. Id. Thus, abatement and
remand is necessary. Urias v. State, 155 S.W.3d 141, 142 (Tex. Crim. App. 2005) (noting
the mandatory nature of art. 38.22, §6 and requiring a trial court to file findings of fact and
conclusions of law regardless of whether the defendant requested them or objected to their
absence); Wicker v. State, 740 S.W.2d 779, 783 (Tex. Crim. App. 1987) (holding the
same). 
          Accordingly, the appeal is abated and the cause is remanded to the trial court. The
trial court is directed to take all steps reasonably necessary to comply with art. 38.22, §6
of the Texas Code of Criminal Procedure, which steps include the creation of pertinent
findings of fact and conclusions of law addressing the voluntariness of appellant’s
statements and its decision to reject the challenge posed by appellant. The trial court is
further ordered to undertake all steps reasonably necessary to assure that complete
reporter’s and clerk’s records of this cause are developed and filed with this court. These
records are to include the aforementioned findings of fact and conclusions of law. 
Furthermore, each of the actions we direct the trial court to undertake must be performed
by October 30, 2009, unless that deadline is extended by this court. So too must it assure
that both the complete clerk’s and reporter’s records in this cause are filed with this court
by the same date.
 
 
          The cause is abated and remanded to the trial court for further proceedings in
accordance with this order.
          
                                                                                      Per Curiam
Do not publish.



 of
the DPRS's suit pursuant to section 263.401(a). To prevail on her claim of ineffective
assistance of counsel, however, Savage has the burden to affirmatively prove both
deficient performance by counsel and prejudice from the allegedly deficient performance. 
See Mitchell v. State, 989 S.W.2d 747, 748 (Tex.Crim.App. 1999), citing Strickland v.
Washington, 466 U.S. 668,_, 104 S.Ct. 2052, 2066-68, 80 L.Ed.2d 674 (1984). To prove
prejudice, she must prove a reasonable probability that but for counsel's alleged error, the
result of the proceeding would have been different. A reasonable probability is a
probability sufficient to undermine confidence in the outcome. See Hernandez v. State,
726 S.W.2d 53, 55 (Tex.Crim.App. 1986). 

 Even had counsel moved for and obtained dismissal of the DPRS's claims for
termination of Savage's parental rights pursuant to section 263.401(a), (2) Savage does not
assert or demonstrate that the dismissal would have altered the trial court judgment
terminating her parental rights based on White's claims. Accordingly, she has failed to
demonstrate prejudice from counsel's alleged ineffective assistance. Issue three is
overruled. 


CONCLUSION

 We affirm the Order of Termination.


 Phil Johnson

 Chief Justice






1. Further reference to a section of the Texas Family Code will be by reference to
"section __."
2. Because we do not address the merits of Savage's challenges to the trial court's
jurisdiction, we express no opinion on whether the trial court's ruling would have been
correct had the court sustained such a jurisdictional challenge, had one been presented.