# NO. 12-17-00124-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVIN RAY MORRIS, SR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kevin Ray Morris, Sr. appeals his thirty-four convictions for sex offenses against three children. In five issues, Appellant argues that the trial court erred by failing to hold timely hearings on his court appointed counsel's motions to withdraw and by denying those motions, and that he received ineffective assistance of counsel. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with eleven counts of aggravated sexual assault of a child, ten counts of sexual assault of a child, twelve counts of indecency with a child by sexual contact, and one count of indecency with a child by exposure. The trial court appointed counsel for Appellant, and he pleaded "not guilty" to the offenses. Before trial, Appellant's counsel filed two motions to withdraw. The trial court denied the motions, and the matter proceeded to a jury trial.

Ultimately, the jury found Appellant "guilty" of all charges and assessed his punishment at imprisonment for life and a $10,000.00 fine in the aggravated sexual assault cases, imprisonment for twenty years and a $10,000.00 fine in the sexual assault and indecency by sexual contact cases, and imprisonment for ten years and a $10,000.00 fine in the indecency by exposure case. This appeal followed.

Appellant filed four briefs in this appeal. In Appellant's initial brief, he contends that the trial court erred by failing to hold a hearing on either of his trial counsel's motions to withdraw. After Appellant submitted this brief, the record was supplemented with a partial transcript of a hearing on counsel's second motion to withdraw. Appellant then submitted his first supplemental brief and raised the supplemental issue that the trial court erred by failing to hold a timely hearing on counsel's first motion to withdraw. The record was then supplemented with the entire transcript of the hearing on defense counsel's second motion to withdraw. Subsequently, Appellant submitted his second supplemental brief and raised the following supplemental issues: (1) the trial court erred by denying counsel's second motion to withdraw, and (2) counsel rendered ineffective assistance. Next, the record was supplemented with the transcript of a hearing on counsel's first motion to withdraw. Finally, Appellant submitted his third supplemental brief and raised the supplemental issue that the trial court erred by failing to grant an evidentiary hearing on counsel's first motion to withdraw.

Because the record was supplemented with transcripts of timely hearings on both of defense counsel's motions to withdraw, we overrule Appellant's sole issue in his initial brief and his sole issue in his first supplemental brief.

## FAILURE TO GRANT EVIDENTIARY HEARING ON FIRST MOTION TO WITHDRAW

In Appellant's third supplemental brief, he contends that although the trial court held a hearing on defense counsel's first motion to withdraw, it erred by failing to hear evidence on the motion. We disagree.

The reason given in the first motion to withdraw was that Appellant "indicate[d] that he no longer want[ed] Movant to represent him and that 'he [was] not going to trial with Movant.'" At the hearing, the trial court told Appellant what the motion said, and the following exchange occurred:

> APPELLANT: Mr. Williams has not even spoke to me or done nothing for me.
>
> TRIAL COURT: You have a very complicated case. I am going to, at this point, deny the motion. Mr. Morris, you have a right to have an attorney of your choice to represent you, but if you want somebody else, you'll have to hire them. I appointed Mr. Williams. He's a good lawyer. He has done good work in this court. I'm not going to start jumping from court-appointed attorney to court-appointed attorney. I'm going to deny the motion. You do have the right at any time to go hire an

2

attorney. If you do that, he can file a motion to substitute in, and I'll let Mr. Williams go.

APPELLANT:     At the beginning of this, I wanted a trial attorney, and Mr. Williams ain't a trial attorney.

TRIAL COURT: Where do you live, Mr. Morris?

APPELLANT:     In Maydelle.

TRIAL COURT: Okay. Let me say this. I'm much more knowledgeable and much more qualified to know whether or not Mr. Williams is a trial attorney. He is a trial attorney. He tries cases in this court. So I'm denying the motion to withdraw.

We find no indication in the record that Appellant requested an opportunity to present evidence on the motion. Because Appellant did not request to present evidence, we conclude that the trial court did not err by failing to hear evidence at the hearing on the first motion to withdraw. *See* TEX. R. APP. P. 33.1(a) (defendant must timely object to preserve complaint for review).

## DENIAL OF SECOND MOTION TO WITHDRAW

In Appellant's second supplemental brief, he contends that the trial court erred by denying defense counsel's second motion to withdraw after hearing evidence on the motion. We disagree.

A trial court has discretion to determine whether counsel should be allowed to withdraw from a case. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). The right to counsel may not be manipulated to obstruct the judicial process or interfere with the administration of justice. *Id.* Personality conflicts and disagreements about trial strategy typically are not valid grounds for withdrawal. *Id.* A trial court has no duty to search for counsel agreeable to a defendant. *Id.*

In the second motion to withdraw, the reason given was that Appellant "expressed numerous time[s] that he does not feel he is adequately being represented by Movant." At the hearing on the motion, Appellant called himself, his counsel, and his investigator as witnesses.

Appellant initially testified that he was displeased with defense counsel because counsel did not speak with him outside of the courtroom during the past two and a half years. During the few times they met, they only spoke for about thirty minutes, and counsel only talked about plea bargains. Appellant said that counsel did not review the discovery with him, lied to his "people," and misled him "on a bunch of stuff." Specifically, Appellant believed that counsel lied when he said one of Appellant's suggested witnesses told counsel he did not know anything about the case. On further questioning, Appellant acknowledged that the investigator reviewed with him the

3

statements of his suggested witnesses. He further acknowledged that counsel explained the discovery to him, but said he wanted counsel to show him the videos and read him the documents page by page.

Counsel testified that Appellant was "quite difficult to deal with" and that his attitude made representing him very difficult. He said that Appellant complained the defense team was not spending enough time on the case. Counsel noted that he successfully had experts and investigators appointed and took "extraordinary measures to make sure [he] put in enough time." However, despite counsel's efforts, Appellant seemed unhappy with his evaluation of the case and refused to follow his recommendations.

The appointed investigator, Van Kelley, testified that he met with Appellant two or three times to discuss the case. He reviewed the discovery and contacted witnesses suggested by Appellant. Kelley also had at least two or three lengthy discussions with defense counsel about the case. He and defense counsel spent three and a half hours watching videos at the district attorney's office and then visited Appellant in jail. Kelley said that Appellant "was expressing a lot of displeasure" during their last visit to the jail. When counsel explained a plea offer to him before the hearing that day, Appellant "wasn't very happy with that situation."

The trial court denied the motion and stated the following:

> This case—I've gotten through the file, and it appears that Mr. Williams has worked diligently on this case. This is an old case.
>
> . . . .
>
> . . . And I'm very reluctant, especially since Mr. Morris is in jail, to delay things any more on this case. And this case is set in March. It's going to stay on the March docket, and I'm going to deny the motion.

On appeal, Appellant observes that in denying the motion to withdraw, the trial court made no statement regarding "the underlying allegation as to the breakdown of the lawyer/client relationship, or the lack of communication and animosity which existed between the Defendant and his trial counsel." He emphasizes that the trial court said, "This is an old case. . . . And I'm very reluctant, especially since Mr. Morris is in jail, to delay things any more on this case." Appellant notes that no issue of delay would have existed had the trial court granted counsel's first motion to withdraw.

4

However, nothing in the record supports a conclusion that the trial court abused its discretion by denying either the first or second motion to withdraw. Although Appellant alleged at the first hearing that his counsel had not spoken to him or done anything for him and was not a trial attorney, our review of the record shows that the trial court could have reasonably disbelieved these allegations. The fact that counsel quoted Appellant in his motion to withdraw contradicts Appellant's allegation that counsel had not spoken to him. Furthermore, in contradiction of Appellant's allegations that counsel did not do any work on the case and was not a trial attorney, the trial judge noted his personal knowledge of counsel's experience as a trial attorney and high regard for his professional ability. Under these circumstances, the trial court was within its discretion to deny the first motion to withdraw. *See id.*

Similarly, Appellant's allegations against counsel at the hearing on the second motion to withdraw were contradicted by other evidence. First, although Appellant complained of a lack of communication and time spent on his case, counsel said that he took "extraordinary measures" to spend enough time on the case. Second, counsel successfully had experts and investigators appointed. Third, Kelley testified that he met with Appellant multiple times, including at least once with counsel present. Fourth, although Appellant complained that counsel spoke with him only about a plea bargain, he later admitted that counsel reviewed the discovery with him. Finally, in response to Appellant's accusation of counsel's lying about a witness, counsel countered, "Well, I met him right out in the hall, right out here and I asked him specifically. Why would he tell me he didn't know anything about the case?"

Regarding the animosity and breakdown of the attorney-client relationship, the record tends to show that these were the results of a disagreement about trial strategy, which is typically not a valid ground for withdrawal. *See id.* The trial court had no duty to search for counsel agreeable to Appellant. *See id.* Consequently, we conclude that the trial court did not abuse its discretion by denying the second motion to withdraw. *See id.* Accordingly, we overrule Appellant's first issue in his second supplemental brief.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In Appellant's second issue of his second supplemental brief, he contends that his trial counsel was ineffective for some of the same reasons he alleged at the hearings on the motions to withdraw.

**Standard of Review and Applicable Law**

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. An appellant claiming ineffective assistance of counsel must affirmatively prove prejudice from counsel's deficient performance. *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999).

Review of trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. It is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Rarely is the record on direct appeal sufficiently developed to fairly evaluate the merits of a claim of ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 813. Appellant must prove both prongs

of the *Strickland* test by a preponderance of the evidence in order to prevail. *Tong*, 25 S.W.3d at 712.

<u>**Analysis**</u>

Appellant argues that his defense counsel was ineffective because he did not spend enough time with him, did not show him the discovery videos, gave him "false advice," and failed to represent him zealously. We disagree.

First, Appellant's claims that counsel did not spend enough time with him, did not show him the discovery videos, and failed to represent him zealously are not firmly founded in the record. *See Thompson*, 9 S.W.3d at 813. The record shows that although Appellant complained over a month before trial about counsel's performance, his responses to questioning at the time of trial indicate his complaints were remedied. At that time, Appellant testified that counsel and Kelley reviewed the videotapes with him and read the documents to him page by page, and he told them he had no questions. Furthermore, our review of the record shows that counsel made numerous appropriate objections at trial and provided reasonable professional assistance throughout the proceedings. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

Furthermore, even if we assume that counsel gave Appellant "false advice," he cannot prevail in his ineffective assistance claim because he has not affirmatively proved prejudice from counsel's deficient performance.[1] *See Mitchell*, 989 S.W.2d at 748. Appellant claims that counsel falsely informed him that he had no right to see the evidence against him and that he was therefore "forced to go to trial not fully knowing of what he was to see and hear, or how he could present his case through his counsel." However, as we observed above, Appellant testified at the time of trial that counsel reviewed all the evidence with him and that he subsequently had no questions. Therefore, even if counsel misinformed Appellant about his rights at an earlier time, Appellant did not go to trial unaware of what evidence to expect. Appellant thus fails to show how the alleged misinformation prejudiced his defense. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Because the record does not support Appellant's claims that counsel did not spend enough time with him, show him the discovery videos, or provide reasonable representation, and the record does not show any prejudice from the alleged "false advice" of counsel, we cannot conclude that

---

[1] If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, the first *Strickland* prong should not be addressed first. *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012).

counsel rendered ineffective assistance. *See Thompson*, 9 S.W.3d at 813. Accordingly, we overrule Appellant's second issue in his second supplemental brief.

## JUDGMENT ERROR

We observe that an error exists in one of the trial court's judgments. Neither party has requested that we reform the incorrect judgment, but our authority to do so is not dependent on the request of any party. *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). A judgment is simply the written declaration and embodiment of the trial court's oral pronouncement. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls. *See id.* An appellate court may reform a trial court's judgment when it has the necessary data and information. TEX. R. APP. P. 43.2(b); *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986).

Here, the record shows that the jury assessed a fine of $10,000.00 in Count 34, and the trial court orally pronounced the fine during sentencing. However, the judgment in that case states that the fine is "N/A." Thus, there is a conflict between the oral pronouncement and the written judgment, and we have the necessary information to correct the judgment. *See id.*; *Taylor*, 131 S.W.3d at 500. We conclude that the judgment in Count 34 should be modified to reflect a fine of $10,000.00.

## DISPOSITION

We have overruled Appellant's sole issue in his initial brief, his sole issue in his first supplemental brief, his first and second issues in his second supplemental brief, and his sole issue in his third supplemental brief. Additionally, we have concluded that there is error in the judgment in Count 34 that was not raised by either party. Accordingly, we *modify* the trial court's judgment in Count 34 to reflect a fine of $10,000.00. We *affirm* the trial court's judgment *as modified*.

BRIAN HOYLE
Justice

Opinion delivered December 4, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 4, 2018**

**NO. 12-17-00124-CR**

**KEVIN RAY MORRIS, SR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 19,244)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect a fine of $10,000.00 in Count 34; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*