# NO. 12-18-00102-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KELLY LYNN BROYLES,* *APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kelly Lynn Broyles appeals her conviction for intoxication assault. In two issues, Appellant argues that she received ineffective assistance of counsel. We affirm.

## BACKGROUND

Appellant was charged by indictment with intoxication assault. She pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that Appellant was driving her car on State Highway 19 in Canton during First Monday Trade Days while intoxicated on diazepam[1] and hydrocodone. As she approached a slower vehicle in front of her, she veered right, glancingly hit the vehicle, and ricocheted into a pedestrian who suffered severe injuries as a result.

Ultimately, the jury found Appellant "guilty" and assessed her punishment at imprisonment for ten years and a $10,000.00 fine. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In Appellant's first issue, she contends that defense counsel was ineffective because he called a witness whose testimony undermined the defense theory of the case. In her second issue,

---

[1] Diazepam in commonly known by its brand name, Valium.

she contends that defense counsel was ineffective because he failed to object to inadmissible portions of a police officer's body cam footage.

## Standard of Review and Applicable Law

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. An appellant claiming ineffective assistance of counsel must affirmatively prove prejudice from counsel's deficient performance. *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999).

Review of trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. It is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Rarely is the record on direct appeal sufficiently developed to fairly evaluate the merits of a claim of ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 813. Appellant must prove both prongs of the *Strickland* test by a preponderance of the evidence in order to prevail. *Tong*, 25 S.W.3d at 712.

**Analysis**

Appellant first complains that defense counsel was ineffective because he called her friend Amy Warford as a witness when he knew about a damaging letter Warford wrote and the State possessed. She contends that we should reverse her conviction and remand the case for a new trial because there is no conceivable trial strategy to justify calling Warford as a witness. We disagree.

Defense counsel's theory at trial was that Appellant was not intoxicated at the time of the offense. To support his theory, he called Warford and Appellant's husband to testify that Appellant appears normal in the videos recorded at the scene.

Warford testified that she was friends with Appellant for fifteen years and saw her on a regular basis. She stated that Appellant appeared the same in the videos taken at the scene as she normally does. On cross-examination, the State questioned Warford about her statements in a letter that she previously wrote at Appellant's request. Defense counsel objected to the letter's admission, asserting that it was inappropriate because the letter was written when Appellant was involved in plea negotiations with the State. The trial court overruled the objection.

In the letter, Warford states that she is a therapist and opines that rehabilitation rather than punishment is appropriate for Appellant. She says that Appellant is a "semi-functional addict and not a criminal personality." Warford further states that she "became concerned a while back when [Appellant] had to change doctors because the doctor she had would not prescribe [hydrocodone] for her anymore." She says that she thinks "treatment is needed for [Appellant] to stay sober long term, as she has an extensive dysfunctional family and personal history and has many issues related to her addiction to work through."

Although the letter might have somewhat undermined the defense theory, the remainder of Warford's testimony supported it. Under these circumstances, we cannot say that Appellant has overcome the presumption that defense's counsel's actions might be considered sound trial strategy. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Tong*, 25 S.W.3d at 712; *Thompson*, 9 S.W.3d at 813. Because Appellant failed to meet her burden under the first prong of *Strickland*,

we cannot conclude that counsel rendered ineffective assistance. *See id.* Accordingly, we overrule Appellant's first issue.

Next, Appellant complains that defense counsel was ineffective because he failed to object to portions of a police officer's body cam footage referencing Appellant's criminal history. Officers mention in the recording that members of the Canton Police Department previously arrested Appellant for prescription drug use and public intoxication and issued her citations for expired motor vehicle registration and speeding. Appellant contends that we should reverse her conviction and remand the case for a new trial because there is no conceivable trial strategy to justify counsel's failure to object to the admission of these statements. We again disagree.

Hearsay is not admissible unless otherwise provided by a statute, the rules of evidence, or other rules prescribed under statutory authority. TEX. R. EVID. 802. Extraneous offense evidence is not admissible to prove a defendant's character to show that she acted in accordance with her character at the time of the instant offense. *Id.* 404(b)(1). However, extraneous offense evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *Id.* 404(b)(2).

Defense counsel could have objected to the extraneous offense evidence on Rule 404(b) grounds. However, counsel developed a theory through testimony that despite having more than twice the highest therapeutic level of diazepam in her system at the time of the incident, Appellant's physical and mental faculties were not impaired because she had a tolerance for the drug. Therefore, although the evidence that Appellant was previously arrested for public intoxication on prescription drugs was not admissible to show that she acted in accordance with her character on this occasion, it was admissible to rebut the theory that she has a tolerance for prescription drugs such that high levels do not impair her physical and mental faculties. *See id.* Consequently, counsel was not ineffective for failing to object to the evidence's admission on Rule 404(b) grounds.

Furthermore, the record is silent as to why defense counsel did not object on either Rule 404(b) or hearsay grounds. In his closing argument, he argued that law enforcement officers hastily concluded that Appellant was intoxicated and were subsequently unable to be convinced otherwise. The evidence that law enforcement knew about Appellant's criminal history tends to support this argument. Therefore, counsel might have strategically failed to object to the evidence to support his theory that law enforcement made a hasty conclusion that Appellant was intoxicated.

The record here does not affirmatively show why defense counsel failed to object to the extraneous offense evidence, and thus Appellant cannot overcome the presumption that, under the circumstances, such failure might be considered sound trial strategy. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Tong*, 25 S.W.3d at 712; *Thompson*, 9 S.W.3d at 813. Because Appellant failed to meet her burden under the first prong of *Strickland*, we cannot conclude that counsel rendered ineffective assistance. *See id.* Accordingly, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered April 17, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 17, 2019**

**NO. 12-18-00102-CR**

**KELLY LYNN BROYLES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court
of Van Zandt County, Texas (Tr.Ct.No. CR14-00273)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*