# NO. 12-21-00070-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DUSTIN CHANCE REYNOLDS,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Dustin Chance Reynolds appeals his conviction for resisting arrest, search, or transportation. In his sole issue, he alleges that he received ineffective assistance of counsel. We affirm.

### Background

In 2018, the 294th Judicial District Court of Van Zandt County, Texas, ordered Appellant held in civil contempt of court for unpaid child support. That same day, deputies in the courtroom placed Appellant in handcuffs and began to transport him to the jail. Appellant was in a highly agitated and confrontational emotional state, and he hurled obscenities in the courtroom and hallway at the litigants and deputies as the deputies attempted to transport him. When they arrived in the elevator, Appellant began to violently bang his head against the interior of the elevator. Despite the deputies' instructions to refrain from such conduct, Appellant continued his attempt to harm himself.

The deputies removed Appellant from the elevator. Appellant stiffened his body, refusing to sit on the benches in the hallway. Appellant continued to struggle and one of the deputies took him to the ground. Appellant began to bang his head against the floor, kicking his legs, and resisting efforts to transport him to the jail. Appellant also maniacally laughed and

continued yelling obscenities at the officers and bystanders in the courthouse. After courthouse employees pressed the "panic button," several other officers from various law enforcement agencies arrived to assist the deputies. It ultimately required six officers to restrain Appellant, who was placed in leg restraints and tased at least twice due to his resistance. Even as the officers lifted Appellant after the fracas was seemingly concluded, his legs appeared to wrap around one of the deputies to further resist his transport. The officers took Appellant to the ground a second time. Ultimately, the officers transported Appellant to the jail, where paramedics arrived and took Appellant by ambulance to the hospital due to an apparent cut he received from repeatedly banging his head on the ground.

Appellant was charged by information for the offense of resisting arrest, search, or transportation, a class A misdemeanor as alleged.[1] Appellant pleaded "not guilty," and the matter proceeded to a jury trial. In addition to the courthouse deputies' testimony, the events were captured on the deputies' body cameras and courthouse security cameras, which were admitted as evidence. The jury found Appellant guilty of the offense and sentenced him to 365 days of confinement in the Van Zandt County Jail and assessed a $2,000.00 fine. This appeal followed.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his sole issue, Appellant contends that he received ineffective assistance of counsel because counsel did not investigate his mental state for a potential insanity defense and challenge to his competency to stand trial, he had "no sound trial strategy," and he repeatedly "elicited prejudicial and harmful facts from State's witnesses in direct contradiction to trial counsel's own motion in limine."

**Standard of Review and Applicable Law**

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the Strickland test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that

---

[1] *See* TEX. PENAL CODE ANN. § 38.03 (West 2016).

2

counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. The appellant must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. *Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App.—Texarkana 2000, pet. ref'd).

It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings. *Id.* He must show that there is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable doubt about his guilt or that the extent of his punishment would have been less. *See id.*; *see also* *Bone v. State*, 77 S.W.3d 828, 837 (Tex. Crim. App. 2002). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. An appellant claiming ineffective assistance of counsel must affirmatively prove prejudice from counsel's deficient performance. *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999). Review of trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

It is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.*

**Discussion**

Appellant first contends that trial counsel provided ineffective assistance of counsel because he failed to confer with Appellant and investigate his mental health for his competency to stand trial and a possible insanity defense. As support, appellate counsel relies on her interviews with Appellant and his family that are outside the record and cites an entire volume of the reporter's record without pinpoint citation to any evidence that trial counsel wholly failed to conduct such an investigation. Furthermore, despite Appellant's contention, he acknowledged in his brief that, based on trial counsel's questions to one of the deputies concerning Appellant's mental health, "trial counsel was aware that Appellant had mental health issues and that Appellant probably had an extensive mental health history." The record does not support Appellant's claim that trial counsel failed to conduct some investigation into the case against Appellant. *See Richardson v. State*, 606 S.W.3d 375, 382–83 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (observing that, while "no reasonable trial attorney would wholly fail to investigate the facts of a case," record did not show that counsel was unaware of evidence against appellant, and thus, appellant could not prove ineffective-assistance claim). Furthermore, Appellant has not identified any particular information that further investigation would have revealed. Thus, Appellant's allegations that further investigation could have uncovered more relevant information concerning his mental health are purely speculative and do not support a conclusion that trial counsel's investigation was unreasonable under the circumstances. *See Andrus v. Tex.*, 140 S. Ct. 1875, 1881, 207 L. Ed. 2d 335 (2020) ("In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."); *Coffman v. State*, 465 S.W.3d 797, 800-01 (Tex. App.—Fort Worth 2015, no pet.) (holding alleged failure to investigate defendant's competency to stand trial did not support ineffective assistance claim on direct appeal because counsel was not afforded opportunity to explain strategy and record undeveloped on direct appeal).

To the extent that Appellant contends that trial counsel's trial strategy for abandoning his questioning for the "budding defense" concerning Appellant's mental health, the record in this direct appeal fails to support that counsel had no potential viable trial strategy sufficient to overcome the presumption of competent and adequate assistance in the exercise of reasonable professional judgment. *See Lopez v. State*, 343 S.W.3d 137, 142-43 (Tex. Crim. App. 2011)

(stating that "court must not engage in retrospective speculation" and that "[i]t is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence"). Appellant has failed to demonstrate that trial counsel's representation in this regard fell outside the range of competence demanded of attorneys in criminal cases. *See Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010).

As part of this issue, Appellant also broadly argues that counsel was ineffective because he failed to have any trial strategy. In contrast, as the State notes, the record tends to show that trial counsel sought to highlight a theory that the deputies expected problems from Appellant that day, and that the deputies nevertheless used excessive force to subdue Appellant. Specifically, it appears that trial counsel had a strategy to show that the deputies were improperly trained in the use of force to restrain individuals like Appellant, that they used excessive force, and that if Appellant was guilty of any offense, it was disorderly conduct, not resisting arrest or transportation. In any event, as with the previous ground, the record is undeveloped in this direct appeal to overcome the presumption of competence in the exercise of reasonable professional judgment. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007) (noting that a reviewing court on direct appeal will rarely be able to fairly evaluate the merits of an ineffective assistance claim, because the record on direct appeal is usually undeveloped and inadequately reflective of the reasons for defense counsel's actions at trial).

Finally, Appellant argues that trial counsel was ineffective because he violated his own motion in limine when he failed to object to State's Exhibit 1, which was an order of the family court directing that he be taken into custody and transported to the jail for the underlying contempt charge. A motion in limine is "a method of raising [an] objection to an area of inquiry prior to the matter reaching the ears of the jury through a posed question, jury argument, or other means." *Thierry v. State*, 288 S.W.3d 80, 86 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (quoting *Norman v. State*, 525 S.W.2d 669, 671 (Tex. Crim. App. 1975)). A ruling sustaining a motion in limine is not a ruling that excludes evidence, but instead it requires the parties to approach the trial court for a definitive ruling before attempting to put on evidence within the scope of the motion in limine order. *Id.* "It is axiomatic that motions in limine do not preserve error." *Id.* at 87 (quoting *Hartnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd)). As such, there may be strategic reasons to refrain from objecting to enforce a motion in

limine during trial. *See, e.g., Sparks v. State*, No. 11-99-00295-CR, 2000 WL 34235194, at *2-3 (Tex. App.—Eastland Aug. 31, 2000, no pet.) (op., not designated for publication) (holding counsel's violation of his own motion in limine regarding extraneous offense evidence did not support ineffective assistance claim).

Appellant nevertheless claims that there could be no sound trial strategy in failing to object to Exhibit 1, because the State need show only that Appellant was in custody, and it is irrelevant whether the underlying offense is valid. *See* TEX. PENAL CODE ANN. § 38.03(a)-(b) (West 2016). As support, Appellant cites authority that "to pass over the admission of prejudicial and *clearly* inadmissible evidence . . . has no strategic value." *Lyons v. McCotter*, 770 F.2d 529, 534 (5th Cir. 1985) (emphasis added). The same authority also notes, however, that "to pass over the admission of prejudicial and *arguably* inadmissible evidence may be strategic." *Id.* (emphasis added). Appellant claims the evidence is clearly inadmissible under Texas Rule of Evidence 404(b) prohibiting evidence of certain extraneous bad acts. However, the State argues that the evidence is not clearly inadmissible here, because Rule 404(b) does not apply to acts which are intrinsic to the charged crime or arise in the same transaction. *See Worthy v. State*, 312 S.W.3d 34, 39-40 (Tex. Crim. App. 2010). The State contends it is not strictly limited to proving only the elements of the offense, but it may offer evidence to put Appellant's actions in context when the probative value is not outweighed by its undue prejudicial effects. *See Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (holding that criminal acts do not occur in vacuum, and evidence providing context is admissible so that jury may realistically evaluate the evidence).

As the State points out, the jury knew that Appellant was being arrested and transported for some reason. The exhibit does not reference the specifics of the underlying contempt and has very little prejudicial effect, if any. Moreover, the State did not overly emphasize the exhibit and the other admissible evidence introduced against Appellant, such as the deputies' testimony and body camera and courthouse security videos, was overwhelming. Alternatively, Exhibit 1 was cumulative of the evidence contained on the deputies' body cameras, which would have obviated any prejudicial effect of Exhibit 1's admission. *See Blumenstetter v. State*, 135 S.W.3d 234, 250–51 (Tex. App.—Texarkana 2004, no pet.) (holding defendant failed to show required prejudice stemming from counsel's failure to object to certain evidence because that evidence was cumulative of other evidence so that "the results of the proceeding would not have been

different had defense counsel objected"). As we have stated, not objecting to this evidence was consistent with trial counsel's apparent strategy to demonstrate that Appellant did not resist transport, but at most committed disorderly conduct, and that the officers employed excessive force against him. Moreover, the State theorized that trial counsel could have allowed the evidence without objection to demonstrate to the jury that the underlying offense of contempt was not a more serious charge. Accordingly, we cannot say that the evidence is clearly inadmissible or prejudicial such that its admission had no strategic value. *Cf. Lyons*, 770 F.2d at 534. In any event, the record does not affirmatively demonstrate that trial counsel provided ineffective assistance in this regard.

In summary, we hold that the record contains no evidence to rebut the presumption that, based on the totality of the representation, that trial counsel performed competently. *See Lopez v. State*, 343 S.W.3d at 142-43; *Mata*, 226 S.W.3d at 430; *Thompson*, 9 S.W.3d at 81. Furthermore, we hold that, from the record before us that, even if counsel's performance was deemed deficient, the evidence reflects no reasonable probability that the result would have been different but for the deficiency. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712.

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, the judgment of the trial court is ***affirmed***

BRIAN HOYLE
Justice

Opinion delivered March 23, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-21-00070-CR**

**DUSTIN CHANCE REYNOLDS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Van Zandt County, Texas (Tr.Ct.No. 2019-00200)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*