# NO. 12-21-00137-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WYATT LEVI PROUD,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Wyatt Levi Proud appeals the trial court's judgment adjudicating him guilty of aggravated assault with a deadly weapon. In three issues, Appellant argues that the trial court erred by refusing to hold a hearing on his motion for new trial and overruling the motion, and that his plea was unknowing and involuntary because of ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon. Specifically, the indictment alleged that Appellant

> did then and there intentionally and knowingly threaten Michael Franklin with imminent bodily injury by pointing a firearm at Michael Franklin and shooting a firearm at Michael Franklin, and did then and there use or exhibit a deadly weapon, namely firearm, during the commission of the assault[.]

Pursuant to a plea agreement, Appellant pleaded "guilty," and the trial court deferred a finding of guilt and placed him on community supervision for a term of four years. Subsequently, the State filed a motion to adjudicate guilt. Appellant pleaded "true" to the

allegations in the motion.  After a hearing, the court found Appellant "guilty" and assessed his punishment at imprisonment for twenty years.

Appellant filed a motion for new trial and requested a hearing. Apparently without a hearing, the trial court denied the motion.  This appeal followed.


**DENIAL OF HEARING**

In Appellant's first issue, he argues that the trial court erred by refusing to hold a hearing on his motion for new trial.[1]

**Standard of Review and Applicable Law**

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion.  ***Hobbs v. State***, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009).  Such a hearing is not an absolute right.  ***Id.*** at 199.  However, a court abuses its discretion by failing to hold a hearing if the motion and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief.  ***Id.***  A motion for new trial must be supported by an affidavit specifically setting out the factual basis for the claim.  ***Id.***  If the affidavit is conclusory, is unsupported by facts, or fails to provide the requisite notice of the claimed relief basis, no hearing is required. ***Id.***  To be entitled to a hearing on a motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a court could reasonably conclude both that (1) counsel failed to act as a reasonably competent attorney and (2) but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different. ***Smith v. State***, 286 S.W.3d 333, 340-41 (Tex. Crim. App. 2009).

**Analysis**

In Appellant's motion for new trial, he asserted that he was denied his Sixth Amendment right to effective assistance of counsel and his plea was consequently rendered involuntary.  An affidavit was attached to the motion, in which Appellant attested as follows:

> My name is Levi Wyatt Proud, the defendant in the above captioned and styled case. My previous trial counsel was Jeff Wood and Brian Rolling. I entered a plea of guilty to the charge of aggravated assault with a weapon. Before and during the plea proceedings, I was denied my Sixth Amendment constitutional right to effective assistance of counsel. I was not properly advised about an affirmative claim of self-defense and how it applied in my case. My lack of

---

[1] Although Appellant addresses his first and second issues together, we address them separately.

knowledge about the affirmative claim of self defense and how it applied in my case affected my decision to enter a guilty plea and not pursue a jury trial. Because of the lack of advice regarding a claim of self-defense and how it applied in my case, my plea of guilty was not knowing and voluntary.

Whether counsel failed to properly advise Appellant, constituting deficient performance and resulting in prejudice to the defense, is not determinable from the record. Therefore, we must determine whether Appellant's motion for new trial and accompanying affidavit "allege facts that would reasonably show that his counsel's representation fell below the standard of professional norms and that there is a reasonable probability that, but for his counsel's conduct, the result of the proceeding would have been different." *See id.* at 341.

Appellant's allegations are conclusory and do not specifically set out a factual basis from which the trial court could conclude that his counsel failed to act as a reasonably competent attorney or that, but for his counsel's conduct, the result of the proceeding would have been different. *See id.*; *Hobbs*, 298 S.W.3d at 199. Although Appellant alleged that he "was not properly advised about an affirmative claim of self-defense and how it applied" in his case, he did not specifically allege how he was advised or what facts should have prompted his counsel to advise him about a self-defense claim. Moreover, although Appellant alleged that his "lack of knowledge . . . affected [his] decision to enter a guilty plea and not pursue a jury trial," he did not allege that he would not have pleaded guilty if he was properly advised about self-defense.

Because Appellant failed to allege facts from which the trial court could reasonably conclude that his counsel was deficient and that deficiency prejudiced his defense, we conclude the court did not abuse its discretion by failing to hold a hearing on Appellant's motion for new trial. *See Hobbs*, 298 S.W.3d at 200; *Smith*, 286 S.W.3d at 340-41. Accordingly, we overrule Appellant's first issue.

## DENIAL OF NEW TRIAL

In Appellant's second issue, he argues that the trial court erred by denying his motion for new trial on the ground of ineffective assistance of counsel resulting in an involuntary plea. In Appellant's third issue, he argues that he received ineffective assistance of counsel resulting in an involuntary plea.

**Standard of Review and Applicable Law**

When a defendant claims ineffective assistance of counsel in a motion for new trial, the ultimate task for a reviewing court is to determine whether the trial court erred by denying the motion. *Lopez v. State*, 428 S.W.3d 271, 278 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). We review a trial court's grant or denial of a motion for new trial for an abuse of discretion. *State v. Gutierrez*, 541 S.W.3d 91, 97-98 (Tex. Crim. App. 2017); *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016); *State v. Boyd*, 202 S.W.3d 393, 401 (Tex. App.—Dallas 2006, pet. ref'd). A trial court is given wide latitude in making the decision to grant or deny a motion for new trial. *Boyd*, 202 S.W.3d at 401. As the sole factfinder and judge of the credibility and weight of each piece of evidence, whether presented during live testimony or in affidavits, a trial court is within its right to disbelieve any of the assertions upon which the appellant's claims of ineffective assistance of counsel are based, so long as the basis for that disbelief is supported by at least one reasonable view of the record. *Odelugo v. State*, 443 S.W.3d 131, 137 (Tex. Crim. App. 2014). This is true even when the State does not deign to controvert the evidence, affidavit or otherwise, that the appellant presents. *Id.*

In reviewing a ruling on a motion for new trial, we apply a deferential standard of review. *Najar v. State*, 618 S.W.3d 366, 372 (Tex. Crim. App. 2021). We afford almost total deference to a trial court's fact findings, view the evidence in the light most favorable to the court's ruling, and reverse the ruling only if no reasonable view of the record could support it. *State v. Thomas*, 428 S.W.3d 99, 104 (Tex. Crim. App. 2014). In the absence of express findings, we presume all findings in favor of the prevailing party. *Najar*, 618 S.W.3d at 371.

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* An appellant claiming ineffective assistance of counsel must affirmatively prove prejudice from counsel's deficient performance. *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999).

Review of trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. It is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Rarely is the record on direct appeal sufficiently developed to fairly evaluate the merits of a claim of ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 813. Appellant must prove both prongs of the *Strickland* test by a preponderance of the evidence to prevail. *Tong*, 25 S.W.3d at 712. When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases, and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999).

**Analysis**

Appellant argues that his counsel was ineffective and the trial court erred by denying his motion for new trial based on the alleged ineffectiveness. He contends that his defense counsel

failed to inform him of the availability of self-defense as an affirmative defense, and this constitutes deficient performance of counsel. He further argues that counsel's deficient performance prejudiced his defense because he would have otherwise not pleaded guilty. In support of these contentions, he cites his affidavit, quoted above, and the "offense report." Regarding the "offense report," Appellant asserts the following:

> The offense report in this case, prepared by law enforcement, indicates that four men planned to rob Mr. Proud. The men pretended to be interested in purchasing marijuana from him, but all along they planned to take the marijuana by force. As the men surrounded Mr. Proud, he committed the offense as a means of self-defense.

We find no offense report in the record. However, the arrest affidavit states in pertinent part as follows:

> On February 21, 2018 at approximately 2:29 P.M., the Tyler Police Department received an emergency call in reference to a [sic] gunshots being fired in the parking lot in front of Best Buy, located at 5514 South Broadway in Tyler-Smith County Texas. The information that they were given was that a tan colored Lincoln navigator was involved in the shooting. Officers were able to locate that vehicle and conducted a traffic stop on it in the 5100 block of New Copeland Road. Officer made contact with Devonta Hill, Datrean Jackson, Conell Williams, and Michael Franklin. After Officers spoke to the four subjects, they learned that they were going to meet with a white male by the name of Levi, in order to purchase some marijuana from him. During the transaction, Levi pulled a handgun out and Michael Franklin began to struggle with him because he believed they were going to be shot. During the struggle, Levi fired the handgun several times but nobody was struck by the gunfire.
>
> ….
>
> On February 22, 2018, I drove to the Bullard Creek Apartments with several other Detectives. We located the apartment and we were able to conduct an interview with Wyatt Levi Proud. He confessed to me that he was meeting up with four black males to sell them some marijuana. When they met in front of Best Buy in the parking lot, he showed them the marijuana and they tried to steal it. Wyatt Proud admitted to pulling his gun out at that point. When he did that, Michael Franklin grabbed him and they started struggling over the gun. Wyatt Proud confessed to me that he fired four shots from the weapon and he said that he believed he fired into the ground. He said that he never saw any of them have a weapon. This all happened in the afternoon in a crowded shopping center parking lot.
>
> During an interview with Michael Franklin, he confirmed that they were meeting with Wyatt Proud to purchase some marijuana. During the transaction, they were going to keep the marijuana and not pay for it. He saw Wyatt Proud pull out a handgun and point it at them. Michael Franklin believed that Wyatt Proud was going to shoot them, so he grabbed him in a "bear hug" to prevent him from shooting. They struggled over the gun and Michael Franklin

6

said that Wyatt Proud was trying to turn the gun towards him. That was when Wyatt Proud shot several rounds from the gun. Michael Franklin said that he was in fear for his life and thought that Wyatt Proud was going to shoot him.

Because Appellant claimed ineffective assistance of counsel in a motion for new trial, our ultimate task is the same in his second and third issues: to determine whether the trial court erred by denying the motion. *See Lopez*, 428 S.W.3d at 278. Based on the record before us, we cannot say that the trial court abused its discretion by denying Appellant's new trial motion. As the sole factfinder and judge of the credibility and weight of each piece of evidence, the trial court could have believed or disbelieved Appellant's and the other accounts of the events in the arrest affidavit. *See Odelugo*, 443 S.W.3d at 137. Furthermore, neither the facts in the arrest affidavit nor those in Appellant's affidavit support a self-defense instruction.

The penal code provides the following:

    (a) A person is justified in using deadly force against another:

        (1) if the actor would be justified in using force against the other under Section 9.31; and

        (2) when and to the degree the actor reasonably believes the deadly force is immediately necessary:

        (A) to protect the actor against the other's use or attempted use of unlawful deadly force; or

        (B) to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.

TEX. PENAL CODE ANN. § 9.32 (a) (West 2019). The stated facts do not provide a basis for a finding that Appellant pointed and fired the gun at Franklin to prevent a robbery, as he contends. The penal code defines "robbery" as follows:

    (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
    (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
    (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

*Id.* § 29.02 (a) (West 2019). Nothing in the stated facts shows that Franklin or the other men caused bodily injury or threatened or placed anyone in fear of bodily injury or death while trying

to steal the marijuana. Therefore, the trial court could have reasonably found that the facts of this case could not support a self-defense finding.

Moreover, the trial court could have reasonably disbelieved Appellant's statements in his affidavit that his trial counsel did not properly advise him about self-defense, and counsel's improper advice caused him to plead "guilty" when he otherwise would not have. *See Odelugo*, 443 S.W.3d at 137. Based on our review of the record, we conclude that the court did not abuse its discretion by implicitly finding that Appellant failed to show his counsel was ineffective and denying his motion for new trial. *See Moody*, 991 S.W.2d at 857-58; *Gutierrez*, 541 S.W.3d at 97-98; *Simpson*, 488 S.W.3d at 322; *Boyd*, 202 S.W.3d at 401. Accordingly, we overrule his second and third issues.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we **affirm** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered July 20, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 20, 2022**

**NO. 12-21-00137-CR**

**WYATT LEVI PROUD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0664-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*