# NO. 12-22-00206-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KERMIT FRANCIS GABEL, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kermit Francis Gabel appeals his conviction for arson with intent to damage a habitation. In seven issues, Appellant argues that his trial counsel was ineffective, the trial court improperly denied his motion for a directed verdict, and the evidence is insufficient to support his conviction. We affirm.

## BACKGROUND

Appellant was charged by indictment with arson with intent to damage a habitation, enhanced by two prior felony convictions.[1] He pleaded "not guilty" to the offense and "not true" to the enhancement paragraphs, and the matter proceeded to a jury trial.

At trial, the evidence showed that on Sunday, November 1, 2020, at 200 South Beckham Avenue in Tyler, Nayely Medina was preparing to sleep when she heard a window shatter. Through her bedroom window, she saw Appellant across the street at 205 South Beckham, where a vacant house stood. Medina's partner recorded Appellant with a cell phone while Medina called 911. For the next five days, Medina saw Appellant drive slowly past the house in the early

---

[1] A first-degree felony punishable, with the alleged enhancements, by imprisonment for a term of life, or not more than ninety-nine years or less than twenty-five years. *See* TEX. PENAL CODE ANN. §§ 28.02(a), (d)(2) (West 2019), 12.42(d) (West 2019).

afternoon. On Friday night, November 6, around 11:00 p.m., passing motorists saw the house burning and called 911. Firefighters arrived within two minutes of the calls, but the house was already fully engulfed in flames.

On Saturday, while investigating the fire's causes, Deputy Fire Marshal Larry Crowson learned from Medina about Appellant's suspicious behavior and that her family installed surveillance cameras on Thursday. While Crowson was present at Medina's house, Medina saw Appellant in his pickup truck and identified him to Crowson. Crowson followed Appellant a short distance before Appellant stopped and exited his vehicle. Appellant told Crowson that he was not at the house the night it burned but saw the flames. When Crowson viewed the surveillance videos, he saw a person on the porch near the fire as it started. Based on Crowson's investigation, including a comparison of the person in the surveillance video with the person in Medina's cell phone video, he believed that Appellant started the fire.

Ultimately, the jury found Appellant "guilty" as charged and the enhancement paragraphs "true," and assessed his punishment at imprisonment for life. This appeal followed.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In Appellant's first through fourth issues, respectively, he argues that his trial counsel was ineffective for failing to 1) object to leading questions and nonresponsive answers, 2) clearly articulate a *Daubert* objection and secure a ruling, 3) object to undisclosed extraneous offense testimony, and 4) object to the admission of the cell phone and surveillance videos. In his fifth issue, he argues that the cumulative effect of his trial counsel's deficient performance resulted in an improper verdict and sentence.

## Standard of Review and Applicable Law

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant

must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* An appellant claiming ineffective assistance of counsel must affirmatively prove prejudice from counsel's deficient performance. *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999).

Review of trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. It is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Rarely is the record on direct appeal sufficiently developed to fairly evaluate the merits of a claim of ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 813. Appellant must prove both prongs of the *Strickland* test by a preponderance of the evidence to prevail. *Tong*, 25 S.W.3d at 712.

## Leading Questions and Nonresponsive Answers

Appellant lists numerous record citations where he claims his trial counsel should have objected to leading questions and nonresponsive answers. "Leading questions should not be used on direct examination except as necessary to develop the witness's testimony." TEX. R. EVID. 611(c). Despite this rule, it is sound trial strategy for opposing counsel not to object when the evidence will come in anyway. *Young v. State*, 10 S.W.3d 705, 713 (Tex. App.—Texarkana

3

1999, pet. ref'd). When the record provides no reference to explain why counsel failed to object to a leading question, an appellant fails to rebut the presumption that such conduct was reasonable trial strategy. *See id.*

We agree with Appellant that some of the State's questions were leading, some of the witnesses' answers were nonresponsive, and his trial counsel failed to object, but we cannot agree that this establishes his counsel was ineffective. Appellant does not argue that the evidence would not have come in had his counsel objected to the State's leading questions, and we find no indication in the record that it would not. Nor does he argue that the nonresponsive testimony would not have come in had his counsel objected. Counsel might have reasonably believed that the State would have elicited the testimony through additional questions and that it was less harmful buried in a lengthy response rather than emphasized by an objection. *See Johnson v. State*, No. 12-10-00110-CR, 2011 WL 1902066, at *3 (Tex. App.—Tyler May 11, 2011, pet. ref'd) (mem. op.) (not designated for publication). We conclude Appellant has not established that his counsel's performance was deficient for failing to object to leading questions and nonresponsive answers. *See id.*; *Young*, 10 S.W.3d at 713. Therefore, he fails to meet his burden of proving his counsel's ineffectiveness. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Accordingly, we overrule Appellant's first issue.

## *Daubert*

Appellant argues that his trial counsel was ineffective because he failed to request a *Daubert*[2] hearing and obtain an adverse ruling to preserve his error regarding Crowson's purported expert testimony. He contends Crowson's opinion that the rapid spread of the fire was caused by the presence of an accelerant constitutes expert testimony. According to Appellant, even assuming the trial court determined that Crowson was qualified to present expert testimony, his trial counsel's performance was deficient because he failed to (1) object to the State's failure to disclose Crowson as an expert pretrial, (2) articulate the basis of his objection, and (3) conduct a voir dire examination of Crowson outside the jury's presence.

The State argues that Appellant fails to meet his burden of showing ineffectiveness for numerous reasons. First, Appellant fails to show what a *Daubert* motion would have revealed about Crowson's expertise, how the motion would have impacted his case, or the reasoning behind his counsel's decision against requesting a *Daubert* hearing. Second, Crowson's

---

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 469 (1993).

conclusion that an accelerant was used is based on common enough knowledge to constitute a lay witness opinion. Finally, the State argues that counsel's decision not to object under **Daubert** could have been sound trial strategy because objecting to the credentials of Crowson, with his over twenty years of fire department experience, would have been futile.

We agree that Crowson's opinion does not constitute expert testimony. "A distinct line cannot be drawn between lay opinion and expert testimony because all perceptions are evaluated based on experiences." **Osbourn v. State**, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002). "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; and (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue." TEX. R. EVID. 701. Generally, observations that do not require significant expertise to interpret and are not based on a scientific theory may be admitted as lay opinions if the requirements of Rule 701 are met. **Osbourn**, 92 S.W.3d at 537. This is true even when the witness has experience or training. **Id.** Even uncommon events do not necessarily require the testimony of an expert. **Id.** The personal experience and knowledge of a lay witness may establish that he is capable, without qualification as an expert, of opining on a subject outside the realm of common knowledge. **Id.** Only when the fact finder may be unable to fully understand the evidence or determine the fact at issue without the assistance of someone with specialized knowledge must a witness be qualified as an expert. **Id.**

Crowson testified that the speed at which the fire spread, as shown in the surveillance video, indicated the presence of an accelerant. When asked whether the speed of the spread was consistent with "natural burning," he testified as follows:

> It just wouldn't develop that fast. Even if—even if this was an old—it is an old wooden structure. Without an accelerant, it would not move from one end of the house to the complete other end of the house in less than 20, 30 seconds. It's just not possible.

This opinion did not require significant expertise and does not appear to be based on a scientific theory but on Crowson's personal experience working for the City of Tyler Fire Department for eighteen years as a firefighter and three years as a deputy fire marshal. Therefore, the State was not required to qualify Crowson as an expert to render the opinion. *See **id.*** Consequently, Appellant has not established that trial counsel's performance was deficient for failing to request a **Daubert** hearing and fails to meet his burden of proving his counsel's ineffectiveness. *See*

*Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Accordingly, we overrule Appellant's second issue.

## Extraneous Offense Testimony

Appellant argues that his trial counsel was ineffective because he failed to 1) object to undisclosed extraneous offense testimony regarding his commission of criminal mischief and trespass and 2) request a limiting instruction regarding the use of that testimony. Specifically, he cites Medina's testimony that about seven days before the fire, she heard glass break outside her home and saw Appellant at the house he was later accused of burning. Appellant acknowledges the State notified him of its "intent to offer evidence of any extraneous or bad acts which are included in the discovery materials," but he contends that even if the acts are deemed disclosed, his trial counsel's performance was deficient in failing to object to the testimony because he missed the opportunities to 1) require the State to articulate the bases for the offer and 2) ask for a limiting instruction on how the jury could consider the testimony.

Appellant fails to establish his trial counsel's ineffectiveness because the cited evidence is admissible. The failure of trial counsel to object to admissible evidence does not constitute ineffective assistance of counsel. *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994). To successfully assert that trial counsel's failure to object amounted to ineffective assistance, an appellant must show the trial judge would have erred in overruling such an objection. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

Evidence of a crime, wrong, or other act is not admissible to prove a defendant's character to show that he acted in accordance with his character on another occasion. TEX. R. EVID. 404(b)(1). However, such evidence may be admissible for another purpose, such as proving an offender's identity. *Id.* 404(b)(2). Generally, on a defendant's timely request, the state must provide reasonable notice before trial that it intends to introduce such evidence. *Id.* Appellant fails to show that he timely requested such notice. Furthermore, even if he requested notice, he fails to show that the evidence is inadmissible. As the State observes, the arsonist's identity was at issue at trial, and the evidence is relevant to that issue. Medina's testimony that she saw Appellant at the house after she heard a window break shows why she noticed him subsequently driving past the house and pointed him out to Crowson, which led to Crowson's contacting and ultimately linking him to the arson. Because the testimony was admissible to

prove Appellant's identity as the arsonist, the trial court would not have erred in admitting the evidence over counsel's objection, and Appellant fails to establish his counsel's ineffectiveness. *See id.*; *McFarland*, 845 S.W.2d at 843; *Ex parte Martinez*, 330 S.W.3d at 901.

Regarding trial counsel's failure to request a limiting instruction, assuming without deciding that counsel's performance was deficient in that regard, Appellant fails to establish that the deficient performance prejudiced his defense. First, the State did not argue that Appellant must be the arsonist because he acted in accordance with his character as a person who trespasses and breaks windows, and we find it unlikely the jury used the evidence for that purpose. Moreover, the charge explicitly forbade the jurors from considering any evidence of Appellant's other bad acts for improper purposes. We assume the jury followed the instructions as given. *See Luquis v. State*, 72 S.W.3d 355, 366 (Tex. Crim. App. 2002). Because Appellant fails to establish that his counsel's failure to request a limiting instruction prejudiced his defense, we conclude he has not met his burden of proving his counsel's ineffectiveness. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. For the above reasons, we overrule Appellant's third issue.

**Videos**

Appellant argues that his trial counsel was ineffective because he failed to object to the admission of State's Exhibit 6, a flash drive containing the cell phone and surveillance videos. He contends that the State failed to lay the proper predicate for the surveillance videos' admission because their sponsor 1) did not know the recording system was operational, 2) had no personal knowledge of the recorded events, 3) confirmed that the videos' time-stamp information was inaccurate, and 4) confirmed that the videos inaccurately depicted the colors of objects. Consequently, Appellant argues, his counsel's failure to object to the videos' admission prevents this Court from properly evaluating their admissibility. We disagree.

Any proffered item of evidence may be authenticated by "evidence sufficient to support a finding that the item is what the proponent claims it is." TEX. R. EVID. 901(a). Conclusive proof of authenticity before admitting disputed evidence is not required. *Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018). "Evidence may be authenticated in a number of ways, including by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by circumstantial evidence." *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). Rule 901's standard for authentication has been described as a "liberal

7

standard of admissibility." *Fowler*, 544 S.W.3d at 849. Consistent with the concept that counsel is not required to take a futile action, counsel's failure to object to a lack of foundation is not ineffective assistance unless the record shows that the state would not have been able to lay a proper foundation. *See Holland v. State*, 761 S.W.2d 307, 318-19 (Tex. Crim. App. 1988); *Darnell v. State*, No. 14-11-00437-CR, 2012 WL 626318, at *2 (Tex. App.—Houston [14th Dist.] Feb. 28, 2012, no pet.) (mem. op., not designated for publication).

At trial, Medina testified that the recordings in State's Exhibit 6 were the cell phone videos her partner recorded on November 1 and the videos recorded by her surveillance cameras on the night of November 6. She further testified that she reviewed the videos and they are fair and accurate recordings with no alterations of the events as they happened. Regarding the surveillance videos, Medina testified that the time reflected in them was an hour late because her computer had not yet adjusted to a time change. Medina explained the locations of the cameras and identified various items seen in the videos. On cross-examination, she agreed that some of the colors depicted in the videos are inaccurate because everything in the videos appears as black, white, or gray.

Based on the record before us, we cannot conclude that Appellant established his trial counsel was ineffective in failing to object to the videos' admission. First, the trial court would not have erred in admitting the evidence over counsel's objection because the evidence presented by the State satisfies the requirements of Rule 901 and authenticates the evidence. *See* TEX. R. EVID. 901(a); *Fowler*, 544 S.W.3d at 848-49; *Tienda*, 358 S.W.3d at 638. Therefore, Appellant fails to establish his counsel's ineffectiveness. *See McFarland*, 845 S.W.2d at 843; *Ex parte Martinez*, 330 S.W.3d at 901. Moreover, even if the State's authentication evidence was insufficient, Appellant does not contend, and the record does not show, that the State could not have provided adequate foundation through additional evidence. *See Holland*, 761 S.W.2d at 318-19; *Darnell*, 2012 WL 626318, at *2. Because Appellant fails to establish that his counsel's failure to object to the videos' admission constituted deficient performance or prejudiced his defense, he fails to meet his burden of proving his counsel's ineffectiveness. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Accordingly, we overrule Appellant's fourth issue.

**Cumulative Effect**

Appellant argues that the cumulative effect of his trial counsel's deficient performance resulted in an improper guilty verdict and an improper sentence. Although multiple errors may cumulatively rise to the point of harmfulness, the court of criminal appeals has never found that non-errors may in their cumulative effect cause error. *Gamboa v. State*, 296 S.W.3d 574, 585 (Tex. Crim. App. 2009). We decided above that counsel's performance in each of Appellant's issues either was not deficient or, assuming without deciding it was deficient, did not prejudice his defense. Considering the totality of counsel's representation, we conclude Appellant fails to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. Because Appellant fails to show that his trial counsel's performance prejudiced his defense, he fails to meet his burden of proving his counsel's ineffectiveness. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Accordingly, we overrule Appellant's fifth issue.

## EVIDENTIARY SUFFICIENCY

In Appellant's sixth issue, he argues that the trial court erred in denying his motion for directed verdict. In Appellant's seventh issue, he argues that the evidence is legally and factually insufficient to support his conviction.

**Standard of Review and Applicable Law**

The *Jackson v. Virginia*[3] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2686-87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.—San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is

---

[3] 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).

examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. This requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or unnecessarily restrict the state's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To prove Appellant guilty of arson as charged in this case, the State was required to prove that he, with intent to damage or destroy a habitation located at 205 South Beckham Avenue in Tyler, started a fire, knowing that the habitation was within Tyler's city limits. *See* TEX. PENAL CODE ANN. § 28.02(a), (d)(2).

**Identity**

Appellant argues that no rational trier of fact could have found the evidence sufficient to prove his identity as the arsonist. We disagree. "A criminal conviction may be based upon circumstantial evidence." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Id.* When reviewing the sufficiency of the evidence, we consider the combined and cumulative force of all the evidence. *Id.* at 526.

Medina testified that she lives at 200 South Beckham in Tyler. Her house faces the intersection where Elm Street dead-ends into Beckham, and 205 South Beckham is located at the corner of that intersection. On Sunday, November 1, at around 11:00 p.m. or 12:00 a.m., she was preparing to sleep when she heard a window shatter. She looked through her street-facing bedroom window and saw an elderly white man at 205 South Beckham. He slowly walked

across the porch from the left side of the house and descended the steps. Medina told her partner to record the man's movements on a cell phone while Medina called 911 to report the incident. For the next five days between noon and 2:00 p.m., while Medina was applying makeup with the aid of the natural light from her window, she saw the same man in the same truck she saw on Sunday drive on Elm Street toward her house and turn south on Beckham, looking at the house at 205 South Beckham as he drove past it. He drove past the house so slowly that traffic was forced to maneuver around him to proceed. On Thursday, Medina's family installed surveillance cameras at their home.

Medina said that she was not at home Friday night when the fire occurred. On Saturday, she was visited by Crowson and told him about the events she witnessed that week. While Crowson was there, she saw the man in the truck driving on Elm Street toward her house and identified him to Crowson. At trial, Medina identified Appellant as the man that she identified to Crowson that day, saw at 205 South Beckham on Sunday, and saw driving past 205 South Beckham on Monday through Friday. She identified a truck in the surveillance videos ten to fifteen minutes before the fire started as the truck that she saw Appellant driving that week.

Crowson testified that when he spoke with Medina on Saturday, she told him about the events she witnessed that week and gave him a detailed description of the vehicle the man was driving. When Medina saw and identified Appellant to him that day, Crowson ran to his car and followed him. Appellant drove south on Beckham, took two left turns, stopped in front of a house on South Beverly Avenue, exited his truck, and sat on a retaining wall. Crowson stopped and contacted Appellant, who identified himself as K. Gabel. When Crowson asked about Appellant's knowledge of the fire, Appellant said he was never on the property, but he saw the fire, and the flames must have reached a hundred feet in the air. Crowson observed that Appellant's truck matched Medina's prior description of a white extended cab Chevrolet Silverado with temporary tags and a black toolbox that sat lengthwise on the side of the truck's bed. He further observed two gasoline cans in the bed. Crowson identified Appellant in court as the person he contacted that Saturday.

Crowson testified that Medina called him Saturday evening and told him the surveillance cameras had recorded the events on Friday night. He described how the video shows the fire start on the southeast corner of the house and spread rapidly. The speed at which the fire spread indicated to Crowson that an accelerant such as gasoline or kerosene was used. Crowson

described how the video also shows a person on the wrap-around porch at the southeast corner of the house when the fire starts. The person descends the porch steps and proceeds north on Beckham. Crowson agreed that the person in the surveillance video had the posture and gait of an older man and appears to be the same person as the one in the cell phone video. He further testified that the vehicle in the surveillance videos ten to fifteen minutes before the fire starts matches Appellant's vehicle. After Appellant's arrest, Crowson searched his vehicle and found two boxes of matches.

Considering the combined and cumulative force of all the evidence and viewing the evidence in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant is the person who committed the arson in this case. *See* TEX. PENAL CODE ANN. § 28.02(a), (d)(2); ***Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; *see also* ***Brooks***, 323 S.W.3d at 899; ***Merritt***, 368 S.W.3d at 525.

## **Accelerant**

Appellant argues that the evidence is insufficient to prove that an accelerant was used in the offense, especially if one discounts Crowson's "objectionable opinion testimony" regarding the use of an accelerant. We need not determine the sufficiency of the accelerant evidence because the State was not required to prove that Appellant used an accelerant.

The indictment alleges that Appellant did

> with intent to damage or destroy a habitation located at 205 South Beckham Ave., Tyler, Texas, 75702 start a fire by lighting an accelerant with an ignition device, knowing that the habitation was within the limits of an incorporated city or town, namely Tyler, Texas[.]

Although the indictment alleges that Appellant used an accelerant, the State was not required to prove that fact because the use of an accelerant is not an element of the offense. As pertinent here, the arson statute provides the following:

> A person commits an offense if the person starts a fire, regardless of whether the fire continues after ignition, or causes an explosion with intent to destroy or damage . . . any . . . habitation . . . knowing that it is within the limits of an incorporated city or town[.]
>
> . . . .
>
> An offense under Subsection (a) . . . is a felony of the first degree if it is shown on the trial of the offense that . . . the property intended to be damaged or destroyed by the actor was a habitation[.]

12

TEX. PENAL CODE ANN. § 28.02(a), (d)(2). Because the use of an accelerant is not an element of the offense, the phrase "by lighting an accelerant with an ignition device" should not be incorporated into the hypothetically correct jury charge. *See **Cornwell v. State***, 471 S.W.3d 458, 466-67 (Tex. Crim. App. 2015) (indictment's non-elemental phrase "by trying to resolve a pending criminal case" should not be incorporated into hypothetically correct jury charge). Consequently, we do not consider the accelerant evidence in measuring the sufficiency of the evidence in this case. *See **Malik***, 953 S.W.2d at 240.

For the above reasons, we overrule Appellant's sixth and seventh issues.

## DISPOSITION

Having overruled Appellant's first through seventh issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

13



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2023**

**NO. 12-22-00206-CR**

**KERMIT FRANCIS GABEL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0143-21)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justices.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*