# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-24-00354-CR

---

David Matthew Dever,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
413th District Court of Johnson County, Texas
Judge William C. Bosworth Jr., presiding
Trial Court Cause No. DC-F202200781

---

JUSTICE SMITH delivered the opinion of the Court.

### MEMORANDUM OPINION

At trial, David Matthew Dever pled not guilty to capital murder (Count

One) and guilty to unlawful possession of a firearm by a felon (Count Two).[1]

After hearing the evidence, a jury found him guilty on both counts. Dever was

sentenced to mandatory life in prison without parole for capital murder and to

---

[1] Dever was originally charged by indictment with capital murder (Count One), engaging in organized criminal activity (Count Two), and unlawful possession of a firearm by a felon (Count Three). Prior to reading the indictment to the jury, the State abandoned the charge of engaging in organized criminal activity, and the counts in the indictment were renumbered by agreement of the parties.

two years in prison for unlawful possession of a firearm by a felon.[2]  In three issues on appeal, Dever argues that the trial court abused its discretion by denying his challenge for cause, claims that he received ineffective assistance of counsel, and requests that we modify the bill of costs for Count One to delete the assessment of court-appointed attorney's fees.  We modify the bill of costs in Count One to delete the assessment of court-appointed attorney's fees and affirm the judgments in Count One and Count Two.

## Background

One of the prospective jurors summoned for trial in this case was the mother-in-law of the Honorable Timothy M. Good, the District Attorney-elect of the office that was prosecuting Dever.  Though she indicated on her juror card that she knew the District Attorney-elect, neither party questioned the mother-in-law about their relationship during voir dire.[3]

After both sides tendered their strike lists, the trial court brought the potential familial relationship to the parties' attention.  The trial court commented, "I don't know if that rises to a conflict," but "[w]e can manage it right now."  The mother-in-law was called in individually and both parties

---

[2] The parties entered into a plea agreement for the two-year sentence on Count Two after the jury's finding of guilt.

[3] The record does not include a copy of the juror card, and it is unclear exactly what statement the mother-in-law made on the juror card to alert the parties to her relationship to Good.

questioned her about her relationship with Good. She acknowledged that Good was her son-in-law and that they had a good relationship; however, she maintained that their relationship would not influence her as a juror, that she would not discuss this case with him during the trial, and that she would follow the instructions of the court.

Defense counsel then challenged her for cause on the basis of her relationship with the District Attorney-elect and the chance that she might discuss the case with him. The State disagreed with the challenge for cause, explaining that Good was not the acting District Attorney and was not overseeing this case. The trial court denied the challenge for cause.

Dever's trial counsel did not request any additional peremptory strikes, and the mother-in-law served on the jury.

## Challenge for Cause

In his first issue, Dever contends that the trial court erred in denying his challenge for cause to the District Attorney-elect's mother-in-law because she is "per se incapable or unfit to serve" on a jury pursuant to article 35.16 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16. We disagree.

RELEVANT LAW

A challenge for cause is "an objection made to a particular juror, alleging some fact which renders the juror incapable or unfit to serve on the jury." *Id.* Article 35.16 of the Code of Criminal Procedure permits the defense to challenge for cause a prospective juror who is related within the third degree of affinity to "any prosecutor in the case." *Id.* at (c)(1). A person's mother-in-law is related within the third degree of affinity. *See* TEX. GOV'T CODE ANN. §§ 573.023(c)(1), 573.024, 573.025(b)(1).

On appeal, the appellant must show on the record that he complied with five steps demonstrating harm from an alleged erroneous denial of a challenge for cause. *See Hudson v. State*, 620 S.W.3d 726, 729-30 (Tex. Crim. App. 2021).

> The first step requires the defendant to establish that he made a "clear and specific challenge for cause" against a panel member. This ensures that the defendant alerts the trial judge to the complaint at a time and in a manner in which it could be addressed. Then, the defendant must use a peremptory challenge on the complained-of member and exhaust all remaining peremptory challenges. If the defendant does not exhaust his peremptory strikes, then the trial judge's erroneous denial has not harmed the defendant because he was not stripped of the right to dismiss an "obnoxious" juror. The defendant must then ask for an additional strike so that the judge is given the opportunity to correct his error by granting an additional peremptory strike to make up for the one that was wrongly denied. Finally, the defendant must identify on the record the objectionable juror whom he would have removed with the additional strike, but he is not required to explain why that juror is objectionable.

*Id.*

If these preliminary steps are satisfied, the reviewing court looks to the entire record to determine whether sufficient evidence exists to support the court's denial of the challenge for cause. *Id.* at 731. We reverse only for a clear abuse of discretion. *Id.*

ANALYSIS

Dever failed to complete the preliminary steps necessary to show harm from the trial court's denial of the challenge for cause. Though he made a clear and specific challenge for cause and exhausted all of his peremptory strikes, he did not use a peremptory strike on the mother-in-law, request an additional strike, or identify on the record any objectionable juror he would have removed with the additional strike. *See id.* at 729-30.

Even so, Good was not a "prosecutor in the case" as contemplated by article 35.16(c)(1). *See State v. Morales*, 253 S.W.3d 686, 693 n.18 (Tex. Crim. App. 2008) ("In our view the provision refers to the elected District Attorney and any assistant district attorneys actively involved in prosecuting 'the case' at trial"). The authority to represent the State in criminal cases is vested in the elected District Attorney, who holds office for a term of four years and continues in that role until his or her successor has officially qualified and taken office. *See* TEX. CONST. art. V, § 21, art. XVI, §§ 1, 17; TEX. CODE CRIM.

PROC. ANN. art. 2A.102. The record reflects that Good did not represent the State at trial and had not yet assumed the office of District Attorney. He had no authority to oversee or participate in this case by virtue of his status as the District Attorney-elect. Therefore, we find that Good's mother-in-law was not subject to challenge for cause as a person related within the third-degree of affinity to a "prosecutor in the case." *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(1). The trial court did not abuse its discretion by denying Dever's challenge for cause on this basis.

Accordingly, we overrule Dever's first issue on appeal.

## Ineffective Assistance of Counsel

In his second issue, Dever claims he received ineffective assistance of counsel at trial. We disagree.

RELEVANT LAW

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–56 (Tex. Crim. App. 1986) (adopting the two-pronged test set forth in *Strickland*).

To establish deficiency under the first prong of *Strickland*, it must be proven by a preponderance of the evidence that defense counsel's

representation objectively fell below the standard of professional norms. *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). Trial counsel should generally be given an opportunity to explain his actions before being found ineffective, and a silent record that provides no explanation for counsel's actions will not overcome the presumption of reasonable assistance. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).

Under the second *Strickland* prong, it must be shown that there is a reasonable probability that, but for defense counsel's unprofessional errors, the result of the proceeding would have been different. *Smith*, 286 S.W.3d at 340. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome, meaning counsel's errors were so serious as to deprive the defendant of a fair trial with a reliable result. *Id.* An appellant claiming ineffective assistance of counsel must affirmatively prove prejudice from counsel's deficient performance. *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffective assistance of counsel claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

ANALYSIS

Dever asserts that counsel's performance was deficient because he did not use a peremptory strike on the incoming District Attorney's mother-in-law, which was a necessary step in preserving his challenge-for-cause issue for review. He insists that counsel's decision not to strike her was not strategic because counsel was unaware of their relationship before exhausting all of his strikes.

However, Dever does not identify – and we do not find – any affirmative evidence in the record demonstrating a reasonable probability that Dever was deprived of a fair trial with a reliable result because counsel did not use a peremptory strike on the mother-in-law. The statutory basis underlying the challenge for cause did not apply to her; therefore, counsel's failure to use a peremptory strike for purposes of error preservation on the challenge for cause does not demonstrate prejudice. Further, when the parties individually questioned the mother-in-law, she indicated that she knew nothing about this case, that her relationship with the incoming District Attorney would not influence her, and that she would follow the instructions of the trial court. Dever has not demonstrated "a reasonable probability that, but for his or her attorney's errors, the factfinder would have had a reasonable doubt about his or her guilt[.]" *Crucet v. State*, 658 S.W.3d 799, 803-04 (Tex. App.—Waco 2022,

pet. ref'd). Because we find that Dever did not meet his burden as to the second prong of *Strickland*, it is not necessary for us to address the first prong as to whether his trial counsel's purported errors did or did not constitute ineffective assistance.

Accordingly, we overrule Dever's second issue on appeal.

## Court-Appointed Attorney's Fees

In his third issue, Dever argues that the trial court improperly assessed court-appointed attorney's fees against him and requests that we modify the bill of costs in Count One to delete the assessed fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Briceno v. State*, 675 S.W.3d 87, 100 (Tex. App.—Waco 2023, no pet.). The State agrees to the modification.

RELEVANT LAW

A trial court has the authority to order a defendant to reimburse all or part of his court-appointed attorney's fees if the trial court determines that the defendant has the financial resources to enable him to offset the costs of the legal services provided. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g). When a trial court makes such a finding, the record must reflect some factual basis to support the determination that the defendant is capable of paying all or some of his attorney's fees at the time of judgment. *See Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010); *Briceno*, 675 S.W.3d at 98. For

purposes of assessing attorney's fees, once a defendant is found to be indigent, he is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's circumstances occurs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer*, 309 S.W.3d at 557. The evidence will not support an imposition of attorney's fees if there is no indication in the record that an indigent defendant's financial status has in fact changed. *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013).

ANALYSIS

In Dever's written judgment of conviction for Count One, the "Court Costs" section states "SEE BILL OF COST." The corresponding bill of costs includes $1,688.87 designated as "Attorney Reimburse – Ct Appt."[4]

The trial court appointed counsel to represent Dever at trial because he was indigent. Dever was thus presumed to remain indigent absent proof of a material change in his financial circumstances. No such proof exists in the record. To the contrary, the trial court found that Dever was "too poor to employ counsel" on the date he was sentenced and appointed new counsel to represent him on appeal.

We agree with the parties that the evidence is insufficient to sustain the order requiring Dever to reimburse his court-appointed attorney's fees.

---

[4] In the written judgment for Count Two, the "Court Costs" section says "SEE CT. 1" and does not include a corresponding bill of costs.

Accordingly, we sustain Dever's third issue on appeal. We modify the bill of costs in Count One to delete the assessment of $1,688.87 designated as "Attorney Reimburse – Ct Appt." *See Briceno*, 675 S.W.3d at 100-01.

## Conclusion

We modify the bill of costs in Count One to delete the assessment of $1,688.87 for court-appointed attorney's fees. We affirm the judgments in Count One and Count Two.

STEVE SMITH
Justice

OPINION DELIVERED and FILED: October 23, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed as modified
Do not publish
CRPM

